UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUDENS DENIS,

                          Petitioner,

            -vs-                      **REPORT AND RECOMMENDATION**
                                            No. 09-CV-6152(CJS)(VEB)

DHS/ICE OF BUFFALO, NEW YORK, et. al.,

                         Respondents.
_____

**I.      Background**

      Luden Denis ("Denis" or "petitioner"), an alien under a final order of removal, commenced the within habeas proceeding pursuant to 28 U.S.C. § 2241, alleging that his detention in administrative custody by the Department of Homeland Services Immigration and Customs Enforcement("DHS/ICE"), *see* INA § 241, 8 U.S.C. § 1231, violates his federal constitutional right to procedural due process. *See* Petition ("Pet.") (Docket No. 1). Denis, a citizen of Haiti, was admitted to the United States in 1974 as a lawful permanent resident. *See id.*, ¶3. On August 8, 2000, Denis was convicted of second degree robbery and sentenced to a term of ten-years incarceration. *Id.*, ¶4. March 9, 2004, DHS served Denis a notice to appear placing him removal proceedings. *Id.*, ¶5. On September 9, 2005, an immigration judge ordered Denis removed from the United States pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). Denis states that he did not appeal the decision in a timely fashion and the BIA ultimately dismissed the appeal. *See* Pet., ¶4. He indicates that he had a custody review by DHS/ICE on November 8, 2008, but that they denied him release pending deportation in an "arbitrary decision." *Id.* On March 31, 2009, Denis filed the instant habeas petition alleging that his continued custody by DHS/ICE was in violation of his due process rights. Denis states that

respondents had been unable to obtain travel documents for him for over six months, and that he has family ties in the United States and wishes to remain here. Pet. at 1, 6 *et seq.* (Docket No. 1).

Prior to respondents filing their answer, his matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) for, *inter alia*, the issuance of a report and recommendation regarding the disposition of Denis's petition. On April 21, 2009, the referral order sent to Denis at the federal detention facility in Batavia, his last known address, was returned to the Court as undeliverable. Respondents subsequently filed a motion to dismiss, stating that Denis has been removed from the United States to Haiti and is no longer in custody of DHS/ICE. Consequently, respondents argue, the petition has been rendered moot and should be dismissed. *See* Affidavit of Assistant United States Attorney Gail Mitchell Esq. ("Mitchell Aff") (Docket No. 5); Respondent's Memorandum of Law ("Resp't Mem.") (Docket No. 6). For the reasons that follow, I recommend granting respondents' motion to dismiss the petition as moot.

## II.     Jurisdiction

### A.     The Habeas "In Custody" Requirement

Section 2241(c)(1) of Title 28 of the United States Code provides that district courts may consider habeas petitions from prisoners "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). "The 'in custody' requirement is satisfied if the petitioner files the habeas petition before being deported." *So v. Reno*, 251 F. Supp.2d 1112, 1120 (E.D.N.Y. 2003) (citing *Gonzalez v. INS*, No. 01 Civ. 6229(HB), 2002 WL 31444952, at *3 (S.D.N.Y. Oct. 31, 2002) (stating that petitioner satisfies the "in custody" requirement of 28 U.S.C. § 2241 so long as he is in physical custody at the time the petition is filed even if petitioner is later deported)). Here, Denis filed his § 2241 petition prior to his deportation, while

he was detained in DHS/ICE custody, thereby satisfying the "in custody" requirement of the habeas statute.

**B.     Mootness**

When a habeas petitioner has been released from custody after filing a petition, the petition may be moot, and the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2 of the U.S. Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)) "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *accord County of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *New York City Employees' Retirement System v. Dole*, 969 F.2d 1430, 1433 (2d Cir.1992). The Supreme Court has explained that

> when the challenged conduct ceases such that "'there is no reasonable expectation that the wrong will be repeated,'" *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S. Ct. 894, 97 L. Ed. 1303 (1953), then it becomes impossible for the court to grant "'any effectual relief whatever' to [the] prevailing party," *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed.2d 313 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895)). In that case, any opinion as to the legality of the challenged action would be advisory.

*County of Erie v. Pap's A.M.*, 529 U.S. at 287. Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that petitioner continues to suffer "collateral consequences" of the conviction upon which the now-ended incarceration was based. *Spencer*, 523 U.S. at 7.  Here, Denis' habeas petition challenges only the lawfulness of his administrative detention by DHS/ICE. The sole relief Denis seeks is

3

release from custody.[1] As this petition based only on petitioner's allegedly unlawful detention in DHS/ICE custody, and not on the removal order from which the detention flowed, the issue is whether Denis suffers from any "collateral consequences" of detention now that he has been deported and he is no longer "in custody" of DHS/ICE.

The district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot. *See Baptiste v. Immigration and Naturalization Service,* 2006 WL 3050884, No. 06-CV-0615 (NG), at *2 (E.D.N.Y. Oct. 23, 2006) ("Where petitioner was released pursuant to an order of supervision pending her removal, it was "clear that petitioner in the case at hand was challenging only the lawfulness of her detention. Further, it is hard to imagine any possible 'collateral consequences' of petitioner's detention. She has not indicated any such consequences to the court. Thus, as a result of her release, petitioner's application for relief is moot.") (citing *Williams v. I.N.S.*, No. 02-CIV-3814, 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005) (stating that petitioner "lacks any interest in the outcome of this suit inasmuch as the relief he has requested-release from detention-has already been afforded to him"); *Sayavong v. McElroy*, No. 00Civ.0922(WHP)(FM), 2003 WL 470576, at *3 (S.D.N.Y. Jan. 9, 2003) ("After his petition was filed, Sayavong was released from INS custody pursuant to an Order of Supervision which requires him to live at his home address

---

[1] If petitioner sought to challenge his removal, this Court would be precluded from exercising jurisdiction over this Petition by section 106(a)(1)(B) of REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5), which "unequivocally eliminates habeas corpus review of orders of removal." *Marquez-Almanzar v. Immigration & Naturalization Serv.*, 418 F.3d 210, 215 (2d Cir. 2005). However, "[w]hile Congress specifically eliminated the district courts' habeas corpus jurisdiction over review of removal orders, the REAL ID Act does not affect the district courts' jurisdiction over review of other habeas corpus claims." *Brempong v. Chertoff*, No. 05-CV-733 (PCD), 2006 WL 618106, at *2 (D.Conn. Mar. 10, 2006).

in Rochester, New York. . . . [T]he only relief sought by Sayavong's petition has previously been granted by the INS. It follows that Sayavong's petition is moot.") (citing, *inter alia*, *Johnson v. Reno*, 143 F. Supp.2d 389,391 (S.D.N.Y. 2001) ( "A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in [INS] custody."")).[2]

Because the only relief sought by Denis, and obtainable from this Court, was release from DHS custody, Denis' habeas petition became moot upon his release under an order of supervision, which terminated his custodial detention. *Accord*, *e.g.*, *Sayavong v. McElroy*, 2003 WL 470576, at *3; *Baptiste v. Immigration and Naturalization Service,* 2006 WL 3050884, at *2.

## III. Conclusion

For the foregoing reasons, I recommend finding that Luden Denis's habeas petition no longer presents a "live" case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution. Therefore, I recommend that it be dismissed as moot. Because Denis has not made a substantial showing of a denial of a constitutional right, I recommend that

---

[2] Although the Second Circuit has not ruled on the issue directly in a published opinion, it has stated in an unpublished opinion:

> Petitioner . . . appeals from the judgment of the district court . . . finding his habeas petition to be moot. In that petition, [petitioner] challenged certain aspects of his immigration detention. . . . During the pendency of this appeal, another panel of this court vacated [petitioner's] order of removal. . . . As a result of this decision, [petitioner] was released from immigration detention. . . . [Petitioner's] release renders the issues presented in this appeal moot, and, we must dismiss his appeal.

*Edwards v. Ashcroft*, 126 Fed. Appx. 4 (2d Cir. 2005) (unpublished). Other circuit courts that have considered the issue are in agreement that, when a habeas petitioner challenges only the lawfulness of her detention, and she is subsequently released, her habeas petition may be dismissed as moot. *See Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005); *Riley v. I.N.S.*, 310 F.3d 1253, 1256-57 (10th Cir. 2002).

a certificate of appealability not issue. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: May 13, 2009
Rochester, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: May 13, 2009.
Rochester, New York